FILED
1:33 pm Jun 02 2021
Clerk U.S. District Court
Northern District of Ohio
Cleveland

UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | | |
|---|---|---|
| Matthew J. Shoemaker | ) | Case No. 1:21-cv-00230-PAB |
| Plaintiff | ) | *(to be filled in by the Clerk's Office)* |
| v. | ) | JUDGE PAMELA A. BARKER |
| Joseph R. Biden, Jr | ) | AMENDED REQUEST FOR TEMPORARY RESTRAINING ORDER |
| Defendant | ) | |

SUMMARY

I. The CDC's 12 Jan 2021 memorandum and Executive Order 13998's unlawful memorandum preventing the access of American citizens from returning to the United States without submitting to medical exams continue to harm 4th, 5th, and 14th Amendment rights and are in violation of Supreme Court ruling Nguyen v I.N.S., Worthy v. United States, and Fikre v. FBI.

II. Plaintiff respectfully asks the Court to issue a temporary restraining order to avoid that harm. The Plaintiff is likely to succeed on the merits because Defendant's executive order violates the Constitution and previous Supreme Court judgments. Neither the Defendant nor the public would be harmed by a temporary restraining order preventing implementation as the tests required are obsolete immediately upon administration, the current successful state of US vaccination rates, and the federal government's lack of preventing Americans from returning to the U.S. before January 2021—a full year after the WHO declared a public health emergency.

III. Finally, Defendant fails to consider policies more limited in scope and time and Defendant fails to provide concrete and reasonable justification for barring US citizens from returning to the US.

IV. Therefore, Plaintiff respectfully requests a temporary restraining order from the Court preventing Defendant from preventing reentry of US citizens without a covid test.

PLAINTIFF'S MOTION FOR TRO
I. Plaintiff asserts the following causes of action from the Executive Order: (1) violation of the protection against unreasonable searches and seizure guarantees of the Fourth Amendment (Count I); (2) violation of the Due Process Clause of the Fifth Amendment based upon substantive due process rights and in contravention of Supreme Court ruling Kent v Dulles (1958) (Count II); (3) violation of the procedural due process guarantees of the Fifth Amendment (Count III); (4) violation of the Equal Protection Clause of the Fourteenth Amendment on the basis of creating a de facto two tier system of citizenship between U.S. citizens remaining within the United States versus U.S. citizens outside the United States (Count IV); (5) substantive burdening of the exercise of speech as they relate to the right to travel in violation of the First Amendment, Kent v Dulles, Nguyen v INS, and Worthy v United States (Count V); (6) exceeds the President's authority under the Immigration and Nationality Act (1952) (Count VI); (7) exceeds the President's authority under 42 U.S.C. § 265 (Count VII).
II. Plaintiff contends that these alleged violations of law have caused and continue to cause irreparable injury. Plaintiff seeks to temporarily enjoin Defendant from enforcing and implementing Section 5 of the Executive Order. Plaintiff argues that this section is unlawful in all of its applications. Section 5 exceeds the President's authority under the Immigration and Nationality Act of 1952 which does not grant the President the authority to prevent US citizens from reentry to the United States.
III. Plaintiff contends the President exceeds authority granted him under 42 U.S.C. § 265 due to (1) at the time of the Executive Order, the US already had more cases than any other country on earth, therefore 42 US Code § 265 does not meet the requirement of preventing the spread of the disease or preventing its introduction. (2) The Defendant's Executive Order does not specify which countries require medical tests but rather places a blanket prohibition all countries regardless of whether the disease is in that foreign country. Thus, the scope of Defendant's order is exceedingly broad to include countries not experiencing high infection rates. (3) CDC guidelines on which the Executive Order is based was not approved by the Surgeon General as per 42 U.S.C. § 265 but by the CDC Director who does not have statutory authority under 42 U.S.C. § 265.
IV. Plaintiff contends there is no precedence in American legal history for the Defendant to require US citizens returning from abroad to relinquish Constitutional protections.
V. Additionally, Defendant could have deterred foreign travel through avenues more limited in scope and duration. Other countries have banned US travelers from traveling to dozens of countries, therefore deterring US citizens from traveling to certain countries could already be achieved in other ways.
VI. Finally, neither the Defendant nor the public would be harmed by a temporary

restraining order preventing implementation as (1) the tests required are obsolete immediately upon administration, therefore the requirement to produce a negative covid test up to 72 hours prior to reentry significantly reduces the efficacy of it in preventing the spread of disease; (2) the current successful state of US vaccination rates; (3) the federal government's lack of preventing Americans from returning to the U.S. before January 2021—a full year after the WHO declared a public health emergency.

DEMONSTRATING STANDING

I. Plaintiff contends that he meets the threshold of Article III standing requirements due to his having undergone the required testing and subsequent demands of the Executive Order and violation of rights to gain reentry to the US upon his return to the US on 21 February 2021. Additionally, as his employment requires international travel, continued injury is likely without requested relief.
II. Plaintiff also asserts proprietary injury stemming from the Executive Order; namely, as the requirement of a lawful reentry, Plaintiff is required to pay for the medical test for every instance of reentry. Failure to provide medical proof deprives Plaintiff the right of reentry and Plaintiff would not be able to exercise employment duties.
III. Plaintiff asserts the Executive Order risks dissuading Plaintiff from taking on responsibilities such as international travel which would stymie career advancement, thereby suffering both monetary and non-monetary losses.
IV. Plaintiff's injuries would therefore be redressed if Plaintiff could obtain relief requested: a declaration that the Executive Order violates the Constitution and an injunction barring its enforcement through a TRO.

June 2, 2021