IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MATTHEW J. SHOEMAKER,** | **CASE NO. 1:21-CV-00230** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **JOSEPH R. BIDEN, JR., PRESIDENT OF THE UNITED STATES,** | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendant.** | |

This matter comes before the Court upon the Amended Request for Temporary Restraining Order ("Request for TRO") of Plaintiff Matthew J. Shoemaker ("Plaintiff"), filed on June 2, 2021. (Doc. No. 11.) Defendant Joseph R. Biden, Jr., in his official capacity as President of the United States ("Defendant"), filed a brief in opposition to Plaintiff's Request for TRO on June 3, 2021. (Doc. No. 12.) On June 3, 2021, the Court also held a hearing on the matter. (Doc. No. 13.) For the following reasons, Plaintiff's Request for TRO (Doc. No. 11) is DENIED.

I. **Background**

In September 2018, Plaintiff moved to the United Kingdom as part of his job as a civilian employee with the Department of Defense ("DOD"). (Doc. No. 1.) In October 2020, Plaintiff accepted a position with the DOD located in the United States that required him to return to the United States by March 2021. (*Id.*)

On January 12, 2021, prior to Plaintiff's return to the United States, the Centers for Disease Control and Prevention ("CDC") issued an order requiring any person traveling to the United States from another country by air to provide proof of a negative COVID-19 test obtained up to three days

prior to the travel. (Doc. No. 1-2.) On January 21, 2021, shortly after the CDC's order, Defendant issued Executive Order 13998, which, according to Plaintiff, codified the guidelines outlined by the CDC. (Doc. Nos. 1, 1-3.)

On January 28, 2021, Plaintiff filed a Complaint in this Court, alleging a violation of his right to reenter the country and requesting an injunction against the COVID-19 testing requirements for U.S. citizens entering the United States. (Doc. No. 1.)

On May 29, 2021, Plaintiff filed a Request for Temporary Restraining Order, seeking to enjoin Defendant from precluding citizens from entering the country without a negative COVID-19 test and asserting that the current testing requirements violate the Fourth Amendment. (Doc. No. 9.)[1] A few days later, Plaintiff filed an Amended Request for Temporary Restraining Order, which provided more detail in support of his request and set forth several additional bases for challenging the legality of the COVID-19 testing requirements, including the Fifth and Fourteenth Amendments. (Doc. No. 11.) On June 3, 2021, Defendant filed a brief in opposition to Plaintiff's request. (Doc. No. 12.)

That same day, the Court also held a hearing on the matter. (Doc. No. 13.) At the hearing, Plaintiff testified that he had returned to the United States in February 2021. He stated that he did take a COVID-19 test in order to return, which he paid for himself. Plaintiff further testified that he is no longer employed with the DOD. Rather, he now works for a civilian organization for which he expects to travel internationally. Plaintiff testified that he has had discussions with his employer about traveling internationally, but he does not currently have any set plans and does not know when or where such travel will occur.

---

[1] Plaintiff filed his Request for Temporary Restraining Order on the Saturday of Memorial Day weekend. Upon the opening of the Court on Tuesday, June 1, 2021, the Court held a status conference with the parties and set a hearing on Plaintiff's motion.

**II.    Standard of Review**

"In the Sixth Circuit, it is well-settled that the following factors are to be considered in determining whether a temporary restraining order is necessary: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant has shown irreparable injury; (3) whether the issuance of a preliminary injunction [or TRO] would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *Petronzio v. Smith*, No. 1:14cv1202, 2014 WL 3513224, at *8 (N.D. Ohio July 11, 2014). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). However, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). In addition, "[t]o obtain temporary injunctive relief, it is of paramount importance that the party establish immediacy and irreparability of injury." *Sarnova HC, LLC v. Reetz*, No. 2:21-cv-0601, 2021 WL 1257081, at *3 (S.D. Ohio Apr. 5, 2021).

**III.   Analysis**

   **a.  Likelihood of Success on the Merits**

The Court finds that Plaintiff has not established a substantial likelihood of success on the merits because his claims are at least partially moot, and he lacks standing to pursue the injunctive relief he seeks.[2]

---

[2] Because the Court concludes that Plaintiff has failed to establish a substantial likelihood of success on the merits based on the doctrines of mootness and standing, the Court need not address the parties' additional arguments regarding whether the challenged COVID-19 testing requirements violate Plaintiff's constitutional rights or whether Plaintiff has improperly attempted to amend his Complaint by adding additional claims in his Request for TRO.

First, to the extent that Plaintiff seeks an order allowing him to reenter the United States from the United Kingdom without submitting to a COVID-19 test, his claims are moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Aaron v. O'Connor*, 914 F.3d 1010, 1015 (6th Cir. 2019) (quoting *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007). Because Article III of the Constitution "conditions the exercise of federal judicial power on the existence of a live, ongoing case or controversy," once a case become moot, "the case is no longer within the jurisdiction of the federal courts, and therefore must be dismissed." *Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009).

Here, when Plaintiff filed his Complaint, he was still in the United Kingdom and sought an injunction against the required COVID-19 testing for U.S. citizens reentering the United States. (Doc. No. 1.) Since the filing of his Complaint, however, Plaintiff has undergone the required testing and has returned to the United States. Consequently, to the extent that Plaintiff seeks an order permitting him to return to the United States from the United Kingdom without submitting to a COVID-19 test, his claims are moot, as the Court can no longer grant such relief.

However, to the extent that Plaintiff seeks an injunction enjoining the required testing of citizens entering the United States in the future, Plaintiff's claims do not appear to be moot because the challenged policies are still in place. Nonetheless, Plaintiff lacks standing to the pursue the injunctive relief that he seeks in his Request for TRO and therefore cannot show that he is likely to succeed on the merits.

In order to satisfy Article III's case or controversy requirement and invoke the jurisdiction of a federal court, a litigant also must establish standing to sue. *Murray v. United States Dep't of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012). In order to satisfy Article III's standing requirement, a plaintiff "(1) must have suffered some actual or threatened injury due [to the] alleged illegal conduct (the 'injury in fact element'); (2) the injury must be fairly traceable to the challenged action (the 'causation element'); and (3) there must be a substantial likelihood that the relief requested will redress or prevent [the plaintiff's] injury (the 'redressability element')." *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001).

With respect to the first element of standing—the injury-in-fact requirement—plaintiffs must show that they "have suffered an injury in fact, which is 'concrete, particularized, and actual or imminent.'" *Kanuszewski v. Michigan Dep't of Health and Human Services*, 927 F.3d 396, 405 (6th Cir. 2019) (quoting *Shearson v. Holder*, 725 F.3d 588, 592 (6th Cir. 2013)). Allegations of possible future injury are not sufficient. *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). Rather, to satisfy the injury-in-fact requirement, "[a] threatened injury must be 'certainly impending.'" *Id.* As explained by the Supreme Court, "'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992).

In this case, Plaintiff has not shown that he can establish standing to seek an injunction against the current COVID-19 testing requirements. Specifically, Plaintiff cannot demonstrate that the threatened injury to his constitutional rights from being forced to undergo testing to return to the United States is imminent or certainly impending. Plaintiff asserts that his current job likely will require him to travel internationally and that he has had discussions with his employer about doing

5

so.  (*See* Doc. No. 11 at 3.)  However, Plaintiff does not currently have any set plans to travel outside the United States and does not know when or where such travel will occur.  Thus, any future harm to Plaintiff is speculative, which is insufficient to confer standing.

Plaintiff also argues that he has standing because he already has been harmed, as he was forced to undergo the required testing and had to pay for the COVID-19 test in order to return to the United States.  (*Id.*)  But these past harms also are insufficient to establish standing for the relief that he seeks.  "Past harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief."  *Kanuszewski*, 927 F.3d at 406.  "This is because the fact that a harm occurred in the past 'does nothing to establish a real and immediate threat that' it will occur in the future, as is required for injunctive relief."  *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983)).

Plaintiff's Request for TRO seeks declaratory and injunctive relief—namely a declaration that the challenged executive order violates the Constitution and a temporary restraining order barring the current COVID-19 testing requirements.  (Doc. No. 11 at 1, 3.)  Thus, Plaintiff's evidence of past harm related to his COVID-19 test prior to his return to the United States does not establish standing with respect to the type of prospective relief requested.

    b. **Irreparable Injury**

To establish irreparable harm favoring the issuance of a temporary restraining order, Plaintiff must show that, unless his motion is granted, he "will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated."  *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).  *Sarnova*, 2021 WL 1257081, at *3 ("[I]mmediacy and irreparability of harm are threshold considerations since a temporary restraining order is an extraordinary remedy whose purpose is to

preserve the status quo."). Since Plaintiff has already returned to the United States and has not identified any concrete plans to travel internationally in the near future that would subject him to the COVID-19 testing requirement again, Plaintiff has failed to establish that he will suffer any immediate or irreparable harm absent the injunctive relief that he seeks.

Because the Court concludes that Plaintiff has failed to establish either a substantial likelihood of success on the merits or any irreparable injury absent the entry of injunctive relief, the Court finds that Plaintiff has not met his burden to demonstrate that a temporary restraining order is warranted, and the Court need not consider the other factors regarding whether the temporary restraining order would harm others or be in the public interest. *See Barrio Bros., LLC. v. Revolucion, LLC*, No. 1:18CV2052, 2018 WL 5960772, at *6 (N.D. Ohio Nov. 14, 2018) ("The failure to show any likelihood of success on the merits—let alone a strong or substantial likelihood of success—is enough, by itself, to warrant denial of preliminary injunctive relief."); *Residential Fin. Corp. v. Jacobs*, No. 2:13–cv–1167, 2014 WL 682486, at *4 (S.D. Ohio Feb. 21, 2014) ("[T]he failure to show irreparable harm is an independently sufficient ground upon which to deny a temporary restraining order and/or preliminary injunction.").

## IV. Conclusion

For the reasons set forth above, Plaintiff's Request for TRO (Doc. No. 11) is DENIED.

**IT IS SO ORDERED.**

                                                   s/Pamela A. Barker
                                                   PAMELA A. BARKER
Date: June 4, 2021                              U. S. DISTRICT JUDGE